FILED
CLERK, U.S. DISTRICT COURT
08/11/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: RAM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:21-cr-00174 JWH |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. §§ 1343, 1346: Wire Fraud Involving Deprivation of Honest Services; 18 U.S.C. § 666(a)(1)(B): Bribery Concerning Programs Receiving Federal Funds; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| RICHARD ALLEN KERR, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. §§ 1343, 1346]

A.  INTRODUCTORY ALLEGATIONS

1.  At times relevant to this Indictment:

    a.  The City of Adelanto ("City") was a local government located in San Bernardino County.  Annually, the City received federal assistance in excess of $10,000.  Specifically, on or about January 12, 2017, the City received a $14,851 "Justice Assistance Grant."  The City also received rolling disbursements of federal

Community Development Block Grant funds on multiple occasions including: on June 29, 2016, a deposit of $15,305.41; on December 30, 2016 deposits of $21,404.62; and on February 23, 2017, a deposit of $10,802.50.

  b. The City's policy-making and legislative authority was vested in a governing City Council consisting of the Mayor, the Mayor ProTem, and three other council members, all elected.  The Mayor was the highest ranking member of the City Council and was responsible for running the City Council.

  c. Defendant RICHARD ALLEN KERR was Mayor of the City during 2015, 2016, 2017, and part of 2018.  As Mayor, defendant KERR was an agent of the City, whose duties as Mayor and member of the City Council included setting public policy for the City, including through consideration of and voting on City ordinances, overseeing the functioning of City government, setting the City's budget, serving on committees as directed by the City Council, and performing other administrative duties.  Based on his employment and duties, defendant KERR owed a duty of honest services to the City.  Among other things, defendant KERR voted on ordinances governing zoning regulations in the City, and served on the City's Cannabis Dispensary Permit Committee, which determined the number of dispensary permits that would be issued, and determined which applicants would receive a dispensary permit.

  d. Under the City's code, an ordinance could not go into effect until it had been approved at both a first and second reading.  Thereafter, the ordinances needed to be signed by the Mayor and attested to by the City Clerk.

    e. "Person A" operated "Law Firm A," a law firm located in San Bernardino County, specializing in plaintiff-side tort litigation. Some family members of Person A, among others, also worked at Law Firm A.

    f. "Person C" and "Person D" had business interests in and out of the City, including business interests involving marijuana cultivation.

    g. On or about November 23, 2015, defendant KERR voted in favor of Ordinance 539, authorizing medical marijuana cultivation in the City.

    h. On or about September 22, 2016, Person A and Person A's spouse purchased "Business A," a building in Adelanto, California that previously had operated as a restaurant.

    i. On or about October 12, 2016, defendant KERR voted in favor of Ordinance 548, authorizing the distribution, transportation, and testing of medical marijuana.

    j. On or about October 26, 2016, defendant KERR voted in favor of Ordinance 553, an ordinance allowing medical marijuana dispensaries to operate in the City, at the first "reading" of the ordinance.

    k. On or about November 29, 2016, the City Council held public discussion related to Ordinance 553, including discussion of "overlay zones" within which medical marijuana dispensaries would be located. The initial proposal included two zones, neither of which included Business A. During the discussion, defendant KERR requested a change in the boundaries of the second such overlay zone, which expanded the zone to include Business A.

l.   On or about December 5, 2016, defendant KERR deposited a $5,000 check from Person A's Real Estate Trust Account into defendant KERR's US Bank Account.  The check was dated November 29, 2016, and its memorandum line stated "ADV XMAS FUND."

m.   On or about December 22, 2016, defendant KERR deposited $4,000 of a $5,000 check from Person C into defendant KERR's Navy Federal Credit Union Account.

n.   On or about February 15, 2017, Person A and Person B, a family member of Person A, submitted plans to the City's Planning Department to remodel the building.  The plans called for the building to be an attorney's office, but they included items such as "elongated sales counters," a "dispensing room," "cashier," and "security room."

o.   On or about February 28, 2017, defendant KERR deposited a $10,000 check from Law Firm A into his US Bank account.  The memorandum line of the check stated, "PLAINTIFF ADVANCE."

p.   On or about May 17, 2017, the City Council heard the first reading of a revised Ordinance 553 and Ordinance 557, with General Plan Amendment 17-03, which included Business A in a dispensary overlay zone, as discussed on November 29, 2016.  Defendant KERR voted in favor of both revised Ordinance 553 and Ordinance 557, with General Plan Amendment 17-03.

q.   On or about May 24, 2017, the City Council heard the second reading of revised Ordinance 553 and Ordinance 557, with General Plan Amendment 17-03.  Again, defendant KERR voted in favor of both revised Ordinance 553 and Ordinance 557, with General Plan Amendment 17-03.

   r. On or about June 5, 2017, defendant KERR deposited a $2,500 check from Person C into defendant KERR's US Bank account.

   s. On or about June 21, 2017, defendant KERR deposited a $10,000 check from Law Firm A into his US Bank account. The memorandum line of the check stated "ADVANCE," and it was dated June 16, 2017.

   t. On or about August 23, 2017, defendant KERR deposited a $10,000 check from Law Firm A into his US Bank account. The memorandum line of the check stated "ADVANCE," and it was dated August 23, 2017.

   u. On or about September 22, 2017, defendant KERR met with the other members of the Cannabis Dispensary Permit Committee who were present and approved granting dispensary permits to four applicants, including Business A.

   v. In or around November 2017, defendant KERR told "Person E," an employee of the City, that defendant KERR had recommended Person E for a $25,000 award, and that defendant KERR wanted half of that award in exchange for the recommendation. Unbeknownst to Person E at the time, the award was to be paid by Person D.

   w. On or about April 12, 2018, defendant KERR deposited a $5,000 check from Person C into his US Bank account.

   x. On or about April 27, 2018, Person C gave defendant KERR $10,000 in cash.

   y. On or about April 28, 2018, defendant KERR sent a series of text messages to Person C, thanking Person C for the $10,000 and saying, in part, "I owe you big time, you name it."

5

Person C responded by text message, saying, in part, "Just returning the favor for all your help."

B. THE FRAUDULENT SCHEME

2. Beginning on an unknown date, but no later than on or about November 23, 2015, and continuing until an unknown date but no earlier than on or about June 18, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant RICHARD ALLEN KERR, together with others known and unknown to the Grand Jury, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the City of Adelanto as to material matters, including by depriving the City of Adelanto of its right to the intangible right of honest services of defendant KERR, namely, the honest performance of defendant KERR's duties as Mayor. Specifically, defendant KERR secretly used his official position to enrich himself and his co-schemers by:
(1) passing ordinances authorizing various types of commercial marijuana activities, including marijuana cultivation, marijuana distribution and transportation, and retail sales of marijuana via a dispensary; (2) drafting zones for commercial marijuana activities to include locations used by his supporters; and (3) ensuring his supporters obtained the licenses or permits they sought; all in contravention of conflict of interest prohibitions applying to defendant KERR, and in exchange for bribes, kickbacks, gifts, payments, and other things of value.

C. MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

3. The fraudulent scheme operated, in substance, in the following manner:

a.   Defendant KERR would receive bribes and kickbacks in the form of cash and checks from Person A (or intermediaries of Person A), Person C, and other co-schemers with business interests in the City.

b.   Defendant KERR, and co-schemers, would disguise the bribes and kickbacks as something other than a bribe or kickback, such as gifts, donations to a charitable fund, donations to defendant KERR's election campaign, or advance payments for the proceeds of planned litigation associated with a motorcycle accident.

c.   In exchange for the bribes and kickbacks, defendant KERR would provide favorable official action on behalf of the City to Person A, Person C, and other co-schemers with business interests in the City by authorizing various types of commercial marijuana activities, ensuring his supporters obtained the licenses or permits they sought, and interfering with enforcement activities by City officials.

d.   Defendant KERR would not publicly disclose his financial relationship with co-schemers.

e.   From December 2016 to April 2018, defendant KERR accepted at least $57,500, in bribes and kickbacks from Person A, Person C, and other co-schemers.

D.   USE OF INTERSTATE WIRES

4.   On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendant KERR, together with others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| ONE | December 5, 2016 | Check from Bank of America account ending in 0795 in the approximate amount of $5,000 deposited into US Bank account ending in 0917 in California, and processed electronically outside of California |
| TWO | December 22, 2016 | Check from Bank of America Account ending in 1816 in the approximate amount of $4,000 deposited into Navy Federal Credit Union account ending in 1705 in California, and processed electronically outside of California |
| THREE | February 28, 2017 | Check from Bank of America account ending in 8478 in the approximate amount of $10,000 deposited into US Bank account ending in 0917 in California, and processed electronically outside of California |
| FOUR | June 5, 2017 | Check from Bank of America account ending in 1816 in the approximate amount of $2,500 deposited into US Bank account ending in 0917 in California, and processed electronically outside of California |
| FIVE | June 21, 2017 | Check from Bank of America account ending in 8478 in the approximate amount of $10,000 deposited into US Bank account ending in 0917 in California, and processed electronically outside of California |
| SIX | August 23, 2017 | Check from Bank of America account ending in 8478 in the approximate amount of $10,000 deposited into US Bank account ending in 0917 in California, and processed electronically outside of California |
| SEVEN | April 12, 2018 | Check from Bank of America account ending in 1816 in the approximate amount of $5,000 deposited into US Bank account ending in 5159 in California, and processed electronically outside of California |

COUNT EIGHT

[18 U.S.C. § 666(a)(1)(B)]

The Grand Jury re-alleges paragraphs 1(a) through 1(e), 1(g) through 1(l), 1(n) through 1(q), and 1(s) through 1(u) of this Indictment here.

Beginning on an unknown date, but no later than on or about November 29, 2016, and continuing until an unknown date, but no earlier than on or about September 22, 2017, in San Bernardino County, within the Central District of California, defendant RICHARD ALLEN KERR, an agent of the City of Adelanto, corruptly solicited and demanded for the benefit of himself and others, accepted, and agreed to accept, a thing of value, namely, money from bank accounts associated with Person A, intending to be influenced and rewarded in connection with a business transaction and series of transactions of the City having a value of $5,000 or more.  Specifically, defendant KERR solicited, demanded, accepted, and agreed to accept money from an intermediary of Person A, intending to be influenced and rewarded in connection with the passage of an ordinance authorizing the creation of medical marijuana dispensaries in the City, the expansion of a medical marijuana dispensary business zone to include the location of Business A, and the approval of Business A as a medical marijuana dispensary, including defendant KERR's voting on such issues in meetings of the City Council and the Cannabis Dispensary Permit Committee.

COUNT NINE

[18 U.S.C. § 666(a)(1)(B)]

The Grand Jury re-alleges paragraphs 1(a) through 1(d), 1(f), 1(g), 1(i), 1(m), 1(r), and 1(w) through 1(y) of this Indictment here.

Beginning on an unknown date, but no later than on or about November 23, 2015, and continuing until an unknown date but no earlier than on or about June 18, 2018, in San Bernardino County, within the Central District of California, defendant RICHARD ALLEN KERR, an agent of the City of Adelanto, corruptly solicited and demanded for the benefit of himself and others, accepted, and agreed to accept, a thing of value, namely, money from Person C, intending to be influenced and rewarded in connection with a business transaction and series of transactions of the City having a value of $5,000 or more. Specifically, defendant KERR solicited, demanded, accepted, and agreed to accept money from Person C, intending to be influenced and rewarded in connection with the passage of ordinances (1) authorizing medical marijuana cultivation, and (2) authorizing the distribution, transportation and testing of medical marijuana, including defendant KERR's voting on such issues in meetings of the City Council.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Nine of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

  (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

  (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

SEAN D. PETERSON
Assistant United States Attorney
Riverside Branch Office