TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN D. PETERSON (Cal. Bar No. 274263)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6930
    Facsimile: (951) 276-6202
    E-mail:   Sean.Peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-00174-JWH |
|---|---|
| Plaintiff, | STIPULATION REGARDING PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER |
| v. | |
| RICHARD ALLEN KERR, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Sean D. Peterson, and defendant RICHARD ALLEN KERR ("defendant"), by and through his counsel of record, Carlos L. Juarez, hereby stipulate and request the Court order as follows:

1. Defendant is charged with wire fraud involving deprivation of honest services, in violation of Title 18, United States Code, Sections 1343 and 1346, and bribery concerning programs receiving

federal funds, in violation of Title 18, United States Code, Section 666(a)(1)(B).

2. Discovery in this matter consists of, among other things, investigative reports, bank records, phone records, digital and paper materials seized pursuant to search warrant, and audio and video recordings.

3. There is an ongoing federal investigation into allegations of illegal activity involving members of the Adelanto City (the "City") Government and others. The ongoing investigation involves the defendant as well as one or more additional individuals. Among other investigative techniques, to date, investigators have used a confidential human source, and undercover federal agents. Investigators have also covertly interviewed people currently and previously associated with City Government.

4. The United States Attorney's Office believes that if information concerning the investigation were to circulate beyond the Defense Team,[1] evidence may be destroyed, subjects or targets of investigation may flee, and witnesses may be subject to reprisal for having provided information, or appearing to have provided information, to investigators. Moreover, because these materials could be used to identify the confidential human source, the government believes that the unauthorized dissemination or

---

[1] "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

2

distribution of the materials may expose him/her to potential safety risks.

5. Moreover, some of the discovery in this matter includes personal information for individuals other than defendant, including, but not limited to:

    a. Access devices, as defined at 18 U.S.C. § 1029(e)(1), including personal identification numbers;

    b. Means of identification, as defined at 18 U.S.C. § 1028(d)(7), including dates of birth, social security numbers, driver's license numbers, and employer or taxpayer identification numbers, but excluding names; and

    c. Other personal contact information, including residential addresses, electronic mail ("email") addresses, telephone numbers, and facsimile numbers.

6. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

7. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

8. The government intends to produce this material to the defense. With the exception of information and documents that are in the public domain at the time the Protective Order is filed, all

1  materials (i.e., Confidential Information) that the government
2  produces to the defense are subject to this stipulation and the
3  proposed Protective Order and are solely for the use of defendant,
4  the Defense Team, or other individuals or entities acting within the
5  attorney-client relationship to prepare for the trial in this case.
6       9.   No one other than the Defense Team may review or possess a
7  copy of any discovery produced by the government at any time.
8       10.  Defendant may not review or possess any discovery subject
9  to the Protective Order and produced by the government at any time,
10 except in the presence of the Defense Team.
11      11.  Defendant may not retain any physical copies of any
12 discovery subject to the Protective Order, nor may defendant make or
13 retain any notes or other recordings regarding any discovery.
14      12.  The defense shall maintain all materials received from the
15 government in a secure manner and consistently with the terms of this
16 stipulation and the accompanying Protective Order.
17      13.  The Defense Team shall use Confidential Information only
18 for the litigation of this matter and for no other purpose.
19 Litigation of this matter includes any appeal filed by defendant and
20 any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the
21 event that a party needs to file Confidential Information with the
22 Court or divulge the contents of Confidential Information in court
23 filings, the filing should be made under seal.  If the Court rejects
24 the request to file such information under seal, the party seeking to
25 file such information publicly shall provide advance written notice
26 to the other party to afford such party an opportunity to object or
27 otherwise respond to such intention.  If the other party does not
28 object to the proposed filing, the party seeking to file such

information shall redact any references concerning or identifying a confidential human source, personal identifying information, or privacy act information and make all reasonable attempts to limit the divulging of such materials.

14. Defense counsel may seek to have discovery which is subject to the Protective Order at the time it is produced, exempted from the Protective Order. If defense counsel seeks to have such discovery exempted from the Protective Order, she or he shall make the request to government counsel and attempt to reach an agreement as to whether and what discovery should be exempted. Defense counsel may make a request to the Court to have discovery that is subject to the Protective Order at the time it is produced exempted from the Protective Order on a showing of good cause, only if counsel has first made such a request to the government and been unable to reach agreement.

15. At the time that judgment in this matter becomes final, any person in possession of any discovery containing confidential information, including defense counsel, defense counsel's employees, any defense investigators, and any retained defense experts, must destroy, or return to the government, any and all copies of any discovery containing confidential information and any portion thereof in their actual or constructive possession.

16. Defendant and his attorney are required to give a copy of the accompanying Protective Order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case. A willful violation of the Protective Order by defendant, his attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

17.  In the event that there is a substitution of counsel prior to when such documents must be destroyed or returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government or certifying the destruction of all materials subject to the protective order.

///

///

///

18. Circumstances may arise at a later time which may require that the provisions of this stipulation and the accompanying Protective Order be modified. However, such modification shall be made only if all parties to this stipulation agree in writing to such modification. If the parties fail to reach an agreement, any party may then bring the matter before the Court.

IT IS SO STIPULATED.

Dated: August 23, 2021          Respectfully submitted,

                                TRACY L. WILKISON
                                Acting United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division

                                JERRY C. YANG
                                Assistant United States Attorney
                                Chief, Riverside Branch Office


                                      /s/
                                SEAN D. PETERSON
                                Assistant United States Attorneys

Dated: August 23, 2021

                                      /s/
                                CARLOS L. JUAREZ
                                Attorney for Defendant
                                RICHARD ALLEN KERR

7