TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN D. PETERSON (Cal. Bar No. 274263)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6930
     Facsimile: (951) 276-6202
     E-mail:    Sean.Peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-00174-JWH |
|---|---|
| Plaintiff, | PROTECTIVE ORDER |
| v. | |
| RICHARD ALLEN KERR, | |
| Defendant. | |

The Court has read and considered the Stipulation Regarding Protective Order filed on August 23, 2021. The Court hereby incorporates the parties' Stipulation into this Protective Order, and finds that the Stipulation establishes good cause for entry of a protective order pursuant to the Court's power to regulate discovery and Federal Rule of Criminal Procedure 16(d)(1).

Therefore, IT IS HEREBY ORDERED:

1. All materials that the government produces to the defense are solely for the use of defendant, and the Defense Team,[1] and solely to allow for litigation of this matter and for no other purpose. The purpose of this Protective Order is to prevent unauthorized dissemination, distribution, or use of discovery materials in this case.

2. The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case.

3. Defendant may not review or possess any discovery or notes or other recordings of the contents of discovery produced by the government pursuant to this protective order at any time, except when in the presence of the Defense Team.

---

[1] "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

4. The Defense Team shall maintain all materials received from the government in a manner consistent with the terms of this Protective Order. Materials produced by the government to the defense shall be stored in a secure manner.

5. The Defense Team shall use Confidential Information (*i.e.*, material or information subject to this Protective Order) only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any references concerning or identifying a confidential human source, personal identifying information, or Privacy Act information and make all reasonable attempts to limit the divulging of such materials.

6. Defendant and his attorney are required to give a copy of this Protective Order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case. A violation of this Protective Order by defendant, his attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

7. At the time that judgment in this matter becomes final, any person in possession of any discovery, including defense counsel, defense counsel's employees, any defense investigators, and any retained defense experts, must destroy, or return to the government, any and all copies of any discovery and any portion thereof in their actual or constructive possession.

8. Defense counsel may seek to have discovery that is subject to the Protective Order at the time it is produced exempted from the Protective Order. If defense counsel seeks to have such discovery exempted from the Protective Order, he or she shall make the request to government counsel and attempt to reach an agreement as to whether and what discovery should be exempted. Defense counsel may make a request to the Court to have discovery that is subject to the Protective Order at the time it is produced exempted from the Protective Order on a showing of good cause, only if counsel has first made such a request to the government and been unable to reach agreement.

9. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for

returning to the government or certifying the destruction of all materials subject to the Protective Order.

    10.  Circumstances may arise at a later time which may require that the provisions of the accompanying stipulation and this Order be modified.  However, such modification shall be made only if all parties to the accompanying stipulation agree in writing to such modification.  If the parties fail to reach an agreement, any party may then bring the matter up before the Court.

    **IT IS SO ORDERED.**

August 25, 2021
DATE

HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
SEAN D. PETERSON
Assistant United States Attorney