E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON (Cal. Bar No. 274263)
JULIUS J. NAM (Cal. Bar No. 288961)
Assistant United States Attorneys
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6930 / 6942
     Facsimile: (951) 276-6202
     E-mail:    Sean.Peterson2@usdoj.gov; Julius.Nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-00174-JWH |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RICHARD ALLEN KERR |
| v. | |
| RICHARD ALLEN KERR, | |
| Defendant. | |

1. This constitutes the plea agreement between RICHARD ALLEN KERR ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count three of the indictment in United States v. RICHARD ALLEN KERR, ED CR No. 21-

1  00174-JWH, which charges defendant with wire fraud involving
2  deprivation of honest services in violation of 18 U.S.C. §§ 1343,
3  1346.
4       b.    Not contest facts agreed to in this agreement.
5       c.    Abide by all agreements regarding sentencing contained
6  in this agreement.
7       d.    Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.
10      e.    Not commit any crime; however, offenses that would be
11  excluded for sentencing purposes under United States Sentencing
12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13  within the scope of this agreement.
14      f.    Be truthful at all times with the United States
15  Probation and Pretrial Services Office and the Court.
16      g.    Pay the applicable special assessment at or before the
17  time of sentencing unless defendant has demonstrated a lack of
18  ability to pay such assessments.
19   3.    Defendant further agrees:
20      a.    To forfeit all right, title, and interest in and to
21  any and all monies, properties, and/or assets of any kind, derived
22  from or acquired as a result of, or used to facilitate the commission
23  of, or involved in the illegal activity to which defendant is
24  pleading guilty (collectively, the "Forfeitable Assets").
25      b.    To the Court's entry of an order of forfeiture at or
26  before sentencing with respect to the Forfeitable Assets and to the
27  forfeiture of the assets.
28

  c. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

  d. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

  e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

  f. Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

  g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

  h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

  i. That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

 4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in count three, that is, wire fraud involving deprivation of honest services in violation of Title 18, United States Code, Sections 1343 and 1346, the following must be true: (i) defendant devised or knowingly participated in a scheme or plan to deprive the City of Adelanto and its residents of their right of honest services; (ii) the scheme or plan consists of a bribe or kickback in exchange for the defendant's services; (iii) defendant owed a fiduciary duty to the City of Adelanto and its residents; (iv) defendant acted with the intent to defraud by depriving the City of Adelanto and its residents of their right of honest services; (v) defendant's act was material; that is, it had a natural tendency to

influence, or was capable of influencing, the City of Adelanto's acts; and (vi) defendant used, or caused someone to use, the wires to carry out or to attempt to carry out the scheme or plan.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1343 and 1346, is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant was Mayor of the City of Adelanto ("the City") during 2015, 2016, 2017, and part of 2018.  As Mayor, defendant was an agent of the City, whose duties as Mayor and as a member of the City Council included setting public policy for the City, including

6

through consideration of and voting on City ordinances, overseeing the functioning of City government, setting the City's budget, serving on committees as directed by the City Council, and performing other administrative duties.  Based on his employment and duties, defendant owed a duty of honest services to the City, and its residents.  Among other things, defendant voted on ordinances governing zoning regulations in the City, and served on the City's Cannabis Dispensary Permit Committee, which determined the number of dispensary permits that would be issued, and determined which applicants would receive a dispensary permit.

Beginning on an unknown date, but no later than on or about November 23, 2015, and continuing until an unknown date but no earlier than on or about June 18, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant together with others, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the City as to material matters, including by depriving the City of its right to the intangible right of honest services of defendant, namely, the honest performance of defendant's duties as Mayor. Specifically, defendant secretly used his official position to enrich himself and his co-schemers by: (1) passing ordinances authorizing various types of commercial marijuana activities, including marijuana cultivation, marijuana distribution and transportation, and retail sales of marijuana via a dispensary; (2) drafting zones for commercial marijuana activities to include locations used by his supporters; and (3) ensuring his supporters obtained the licenses or permits they sought; all in contravention of conflict of interest prohibitions

7

applying to defendant, and in exchange for bribes, kickbacks, gifts, payments, and other things of value.

The fraudulent scheme operated, in substance, in the following manner: defendant would receive bribes and kickbacks in the form of cash and checks from Person A (or intermediaries of Person A), Person C, and other co-schemers with business interests in the City; defendant and co-schemers would disguise the bribes and kickbacks as something other than a bribe or kickback, such as gifts, donations to a charitable fund, donations to defendant's election campaign, or advance payments for the proceeds of planned litigation associated with a motorcycle accident; in exchange for the bribes and kickbacks, defendant would provide favorable official action on behalf of the City to Person A, Person C, and other co-schemers with business interests in the City by authorizing various types of commercial marijuana activities, ensuring his supporters obtained the licenses or permits they sought, and interfering with enforcement activities by City officials; defendant would not publicly disclose his financial relationship with co-schemers; and from December 2016 to April 2018, defendant accepted multiple payments totaling at least $57,500, in bribes and kickbacks from Person A, Person C, and other co-schemers.

On or about February 28, 2017, in San Bernardino County, and elsewhere, defendant for the purpose of executing the above-described scheme to defraud, deposited a check from a Bank of America account ending in 8478 in the approximate amount of $10,000 into a US Bank account ending in 0917, causing the transmission of a wire communication in interstate commerce.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

  Base Offense Level:        14        U.S.S.G. § 2C1.1

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 57 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 46 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____       01/12/2023
JULIUS J. NAM                        Date
SEAN D. PETERSON
Assistant United States Attorneys

_____       1/12/2023
RICHARD ALLEN KERR                   Date
Defendant

_____       1-12-2023
CARLOS L. JUAREZ                     Date
Attorney for Defendant
RICHARD ALLEN KERR


<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     \_\_\_1/12/2023_____
RICHARD ALLEN KERR                        Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RICHARD ALLEN KERR's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this

//
//
//

agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    1-12-2023
CARLOS L. JUAREZ                         Date
Attorney for Defendant
RICHARD ALLEN KERR

18