E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON (Cal. Bar No. 274263)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6930
     Facsimile: (951) 276-6202
     E-mail:    sean.peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-174-JWH |
|---|---|
| Plaintiff, | PLAINTIFF'S RESPONSE TO PRESENTENCE REPORT AND SENTENCING POSITION FOR DEFENDANT RICHARD ALLEN KERR; LETTER |
| v. | |
| RICHARD ALLEN KERR, | |
| Defendant. | Hearing Date: August 4, 2023<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the<br>             Hon. John W.<br>             Holcomb |

       Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sean D. Peterson, hereby files its response to presentence report and sentencing position for defendant RICHARD ALLEN KERR.

This response to presentence report and sentencing position is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 18, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
SEAN D. PETERSON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

While mayor of the City of Adelanto defendant executed an honest services fraud scheme. Defendant supported and voted for ordinances authorizing various types of commercial marijuana activity including cultivation, transportation, distribution, and retail sales of marijuana via a dispensary. He supported the expansion of a proposed commercial marijuana zone. He ensured that his supporters received the licenses and permits they sought. In exchange, defendant received bribe payments which were disguised as gifts, donations to a charitable fund, donations to defendant's election campaign, or advance payments for the proceeds of planned litigation associated with a motorcycle accident.

A grand jury issued an indictment against defendant on August 11, 2021, charging him with wire fraud involving the deprivation of honest services, in violation of 18 U.S.C. §§ 1343, 1346 (count one through seven), and bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B) (counts eight and nine).

Defendant entered into a plea agreement, and on February 17, 2023, he entered a guilty plea to count three, charging him with wire fraud involving the deprivation of honest services. In the plea agreement, the United States agreed to seek dismissal of the remaining counts at the time of sentencing, so long as defendant has complied with his commitments under the plea agreement.

The United States Probation Office ("USPO") has issued a Presentence Report ("PSR") calculating defendant's total offense level at twenty-three, and his Criminal History Category as I,

resulting in a Guidelines sentencing range of 46-57 months' imprisonment. Should this court vary downward an additional two levels in contemplation of the 2023 proposed amendment to the Sentencing Guidelines to add Section 4C1.1, then defendant's offense level would be 21, and his Guidelines sentencing range would be 37-46 months' imprisonment.

The United States recommends that this Court impose a sentence of 46 months' imprisonment, no fine, a $100 special assessment, and a three-year period of supervised release.

## II.  STATEMENT OF FACTS

During the change of plea hearing, and in the factual basis of the plea agreement (CR 29), defendant admitted the following:

Defendant was Mayor of the City of Adelanto ("the City") during 2015, 2016, 2017, and part of 2018. As Mayor, defendant was an agent of the City, whose duties as Mayor and as a member of the City Council included setting public policy for the City, including through consideration of and voting on City ordinances, overseeing the functioning of City government, setting the City's budget, serving on committees as directed by the City Council, and performing other administrative duties. Based on his employment and duties, defendant owed a duty of honest services to the City, and its residents. Among other things, defendant voted on ordinances governing zoning regulations in the City, and served on the City's Cannabis Dispensary Permit Committee, which determined the number of dispensary permits that would be issued, and determined which applicants would receive a dispensary permit.

Beginning on an unknown date, but no later than on or about November 23, 2015, and continuing until an unknown date but no

earlier than on or about June 18, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant together with others, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the City as to material matters, including by depriving the City of its right to the intangible right of honest services of defendant, namely, the honest performance of defendant's duties as Mayor. Specifically, defendant secretly used his official position to enrich himself and his co-schemers by: (1) passing ordinances authorizing various types of commercial marijuana activities, including marijuana cultivation, marijuana distribution and transportation, and retail sales of marijuana via a dispensary; (2) drafting zones for commercial marijuana activities to include locations used by his supporters; and (3) ensuring his supporters obtained the licenses or permits they sought; all in contravention of conflict of interest prohibitions applying to defendant, and in exchange for bribes, kickbacks, gifts, payments, and other things of value.

The fraudulent scheme operated, in substance, in the following manner: defendant would receive bribes and kickbacks in the form of cash and checks from Person A (or intermediaries of Person A), Person C, and other co-schemers with business interests in the City; defendant and co-schemers would disguise the bribes and kickbacks as something other than a bribe or kickback, such as gifts, donations to a charitable fund, donations to defendant's election campaign, or advance payments for the proceeds of planned litigation associated with a motorcycle accident; in exchange for the bribes and kickbacks, defendant would provide favorable official action on behalf of the City to Person A, Person C, and other co-schemers with business

3

interests in the City by authorizing various types of commercial marijuana activities, ensuring his supporters obtained the licenses or permits they sought, and interfering with enforcement activities by City officials; defendant would not publicly disclose his financial relationship with co-schemers; and from December 2016 to April 2018, defendant accepted multiple payments totaling at least $57,500, in bribes and kickbacks from Person A, Person C, and other co-schemers.

On or about February 28, 2017, in San Bernardino County, and elsewhere, defendant for the purpose of executing the above-described scheme to defraud, deposited a check from a Bank of America account ending in 8478 in the approximate amount of $10,000 into a US Bank account ending in 0917, causing the transmission of a wire communication in interstate commerce.

**III. SENTENCING GUIDELINES CALCULATION**

    **A.   THE PSR CALCULATION OF OFFENSE LEVEL & CRIMINAL HISTORY**

The United States Probation Office ("USPO") determined that defendant has a total offense level of twenty-three, determined by a base offense level of 14, pursuant to U.S.S.G. § 2C1.1, an increase in two levels for accepting more than one bribe, pursuant to U.S.S.G. § 2C1.1(b)(1), an increase in six levels for an amount greater than $40,000, pursuant to U.S.S.G. § 2C1.1(b)(2), U.S.S.G. § 2B1.1(b)(1)(D), an increase in four levels for being an elected public official, pursuant to U.S.S.G. § 3B1.3, and minus three levels for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a), (b).  (PSR ¶¶ 47-66.)

The United States agrees with the total offense level of 23 calculated by the USPO, as well as its determination that defendant

falls in criminal history category I.  (PSR ¶¶ 68-74.)  This results in a Guidelines sentencing range of 46 to 57 months' imprisonment.

      **B.**    **PROPOSED AMENDMENT TO THE SENTENCING GUIDELINES ADDING 4C1.1, AN ADJUSTMENT FOR "CERTAIN ZERO-POINT OFFENDERS"**

The Sentencing Commission has approved an amendment to the Sentencing Guidelines to add Section 4C1.1 to the Guidelines which would incorporate a downward adjustment of two levels for offenders who have zero criminal history points and who meet ten additional factors.  If the amendment were already implemented, defendant would qualify for it.

So long as defendant agrees to waive the right to pursue any post-judgment remedy associated with the proposed amendment to add section 4C1.1 to the Guidelines, the United States would recommend that this Court vary downward two levels, pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), to reach an adjusted offense level of 21, and a Guidelines sentencing range of 37 to 46 months' imprisonment.

**IV.   ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS**

A Guidelines sentence of 46 months' imprisonment is reasonable in light of the factors listed under 18 U.S.C. § 3553(a).  Such a sentence would reflect the nature and circumstances of the offense and the history and characteristics of defendant, among other relevant sentencing factors.

Defendant's conduct in this case was serious, long-running, and it involved a betrayal of public trust.  He was the mayor, the top elected official in the City of Adelanto.  For a period of over two and a half years (i.e., at least November 23, 2015 to June 18, 2018) defendant executed a scheme to defraud the City that he was elected

to represent.  Among other things, defendant voted on ordinances governing zoning regulations in the City, and served on the City's Cannabis Dispensary Permit Committee, which determined the number of dispensary permits that would be issued, and determined which applicants would receive a dispensary permit.

Defendant secretly used his official position to enrich himself by: (1) passing ordinances authorizing various types of commercial marijuana activities, including marijuana cultivation, marijuana distribution and transportation, and retail sales of marijuana via a dispensary; (2) drafting zones for commercial marijuana activities to include locations used by his supporters; (3) ensuring his supporters obtained the licenses or permits they sought; (4) interfering with enforcement activities by City officials; and (5) not publicly disclosing his financial relationship with co-schemers.  Defendant did these things in contravention of conflict of interest prohibitions that applied to him.

Defendant received bribes and kickbacks in the form of cash and checks from people with business interests in the City.  However, the bribes and kickbacks were disguised as something other than a bribe or kickback, such as gifts, donations to a charitable fund, donations to defendant's election campaign, or advance payments for the proceeds of planned litigation associated with a motorcycle accident.  In short, defendant used his position of trust to line his own pockets for years by taking money from people who benefitted from actions he took as a publicly elected official.

While specific deterrence may not be a predominant factor in the court's consideration of the sentence in this case, given that defendant is no longer holding a position of public trust, general

deterrence remains vitally important.  Since California allowed cities to pass ordinances allowing for different types of marijuana related businesses, opportunities for graft have multiplied.  The same temptations to which defendant fell prey exist throughout the state in cities large and small.  Other elected officials must be aware of the meaningful consequences that will apply to an official who forsakes his/her duties for personal gain.

To his credit, however, defendant eventually accepted responsibility for the charged offenses in this case, and he proffered with the United States Attorney's Office.  He also has no criminal history points.  He served his country in the armed forces.  He supports his grandchildren.  He has also suffered from different and mental ailments.  These factors provide some mitigating effect.  However, these mitigating factors need to be weighed against the gravity of his offense which victimized the entire City of Adelanto over a period of more than two-and-a-half years.  Considering all of the mitigating and aggravating factors in this case, a sentence of 46 months' imprisonment is appropriate.

**V.    RESTITUTION**

Consistent with the PSR, and *United States v. Gaytan*, 342 F.3d 1010 (9th Cir. 2003), the United States requests that the Court order defendant to pay restitution to the City of Adelanto, the victim of this offense, in the amount of $57,500.

**VI.   LETTER AND REQUEST TO ADDRESS THE COURT**

A letter received from a resident of Adelanto is attached as an exhibit to this filing.  The United States Attorney's Office has been informed that certain former City of Adelanto employees wish to address the Court at the sentencing hearing in this case.  On the

information currently available, four former employees of the City, and a former business operator may wish to address the Court.

## VII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court a Guidelines sentence of 46 months' imprisonment, a $100 special assessment, and a three-year period of supervised release.